**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000336**
**29-JUN-2018**
**08:04 AM**

NO. CAAP-18-0000336

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHARLES A. RAPOZO, Plaintiff-Appellee,
v.
COUNTY OF KAUAʻI; EDWARD SARITA; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10,
Defendants-Appellants,

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 17-1-000136)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction regarding Defendant-Appellant Edward Sarita's (**Appellant**) appeal from an "Order Denying [Appellant's], in His Individual Capacity, Motion to Dismiss First Amended Complaint, filed on September 22, 2017" (**Order Denying Motion to Dismiss**), issued by the Circuit Court of the Fifth Circuit (**circuit court**), on March 16, 2018. The circuit court has neither adjudicated all claims as to all parties nor reduced its dispositive rulings to an appealable, final judgment.

An aggrieved party cannot obtain appellate review of a circuit court's dispositive orders in a civil case pursuant to Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) until the circuit

court reduces the dispositive orders to an appealable, final judgment pursuant to Rule 58 and/or Rule 54(b) of the Hawai'i Rules of Civil Procedure (**HRCP**). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of or against the appropriate parties pursuant to HRCP [Rule] 58[.]"). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

Here, the record on appeal does not include an appealable, final judgment. Therefore, the "Order Denying [Appellant's], in His Individual Capacity, Motion to Dismiss First Amended Complaint, filed on September 22, 2017" is ineligible for appellate review at this preliminary stage in the underlying case.

Although a circuit court may allow an appeal from an order denying a motion to dismiss, under HRS 641-1(b) (2016), the circuit court in this case denied Appellant's March 21, 2018 motion for leave to file an interlocutory appeal from the Order Denying Motion to Dismiss.

The Hawai'i Supreme Court recently held that when the record on appeal indicates that the circuit court has resolved all claims against all parties, and the only thing lacking to perfect an aggrieved party's right to obtain appellate review is the entry of an appealable final judgment, this court should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the circuit court with instructions to enter, and supplement the record on appeal with, an appealable final judgment as to all claims and parties. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, the holding in Waikiki is inapplicable in this case

2

because the circuit court has not yet adjudicated the claims in Plaintiff-Appellee Charles A. Rapozo's Complaint.

Where, as here, the record on appeal does not indicate that the circuit court has resolved all claims as to all parties, a temporary remand with instructions to enter an appealable, final judgment is neither warranted nor authorized under HRS § 602-57(3) and the holding in Waikiki. In the absence of an appealable, final judgment, the appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000336 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge